**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

_____

| | |
|---|---|
| CALVIN Z. GRIFFIN | |
| Petitioner, | CAUSE NO. CV 05-144-M-LBE |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MIKE MAHONEY, | |
| Respondent. | |

_____

Petitioner has submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  He is challenging the Montana Board of Pardons and Parole's denial of parole based upon Petitioner's failure to complete sex offender treatment.[1]

**A. PARTIES**

Petitioner Calvin Z. Griffin, is a state prisoner proceeding pro se.  He is incarcerated at the Montana State Prison.

The named Respondent is Mike Mahoney, the Warden of the Montana State Prison.  Respondent has not been served with this Petition and has not been ordered to file an answer.

**B. FACTUAL AND PROCEDURAL HISTORY**

Petitioner was arrested on or about June 24, 1999 on 174

---

[1] Petitioner has also filed a Motion to Add the Parole Board's denial of his parole in October, 2005. (Dkt. # 4).  As indicated below the Court has considered the Parole's Board's latest denial in this decision and therefore will grant Petitioner's Motion.

ORDER AND FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

counts of sexual abuse of children for possessing 174 nude photographs of children under the age of 18 and writings about children depicting sexual intercourse. On June 21, 2000, Petitioner pled guilty to 10 counts of sexual abuse of children, a felony, as specified in Mont. Code. Ann. § 45-5-625(1)(e). In October 2000, Petitioner was sentenced to 40 years with 30 years suspended.

Petitioner has filed nine different cases in federal court and countless others in state court. However, the Court deems this latest filing as a challenge to the denial of parole. The Board of Pardons and Parole Case Disposition sheet submitted by Petitioner indicates that the Board denied Mr. Griffin parole most recently on October 28, 2005. (Dkt. # 4). The Board based its decision on the following: (1) Mr. Griffin needed to improve his institutional conduct because he received a write-up since the last review, (2) the number of offenses committed and the nature or severity of the offenses and (3) Mr. Griffin needed to complete sex offender treatment.

## C. GROUNDS FOR RELIEF

Petitioner has listed the following three grounds for relief: (1) that there is a discrepancy between the verbal order and the written judgment of the state district court; (2) that he was denied fair, impartial and meaningful judicial proceedings; and (3) that the parole board exceeded the verbal order of the

ORDER AND FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

sentencing court.

For ease of analysis, the Court has consolidated these grounds into the single issue of whether Petitioner can be denied parole on the basis that he had not completed sex offender treatment when the state trial court stated that it would not require that sex offender treatment be completed in prison.

**D.  LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF**

This action is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 326 (1997); Weaver v. Thompson, 197 F.3d 359, 362 (9th Cir. 1999).

AEDPA "modifies the role of federal habeas courts in reviewing" habeas petitions.  Williams v. Taylor, 529 U.S. 362, 403 (2000)(O'Connor, J., concurring).  "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003)(citing Lindh, 521 U.S. at 333 n.7 and Woodford v. Visciotti, 537 U.S. 19, 123 S.Ct. 357, 360 (2002)(per curiam)).

Following the AEDPA's enactment, 28 U.S.C. § 2254(d) now reads as follows:

> (d) An application for a writ of habeas corpus on behalf of

ORDER AND FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

>     a person in custody pursuant to the judgment of a State
>     court shall not be granted with respect to any claim that
>     was adjudicated on the merits in State court proceedings
>     unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or
>> involved an unreasonable application of, clearly
>> established Federal law, as determined by the Supreme
>> Court of the United States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of the
>> evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1169 (9th Cir. 2003)(citing Lockyer v. Andrade, 538 U.S. 63, 73 (2003)).

"A state court's decision is an 'unreasonable application' of federal law if it is 'objectively unreasonable,' which 'requires the state court decision to be more than incorrect or erroneous.'  Thus, 'an unreasonable application is different from an incorrect one.'" Id. at 1169-1170 (citing Lockyer, 538 U.S. at 75 and Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1850 (2002)).

With regard to factual issues, habeas relief can only be granted if the adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2).  "As to more debatable factual determinations, the care with which the state court considered the subject may be important."  Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997)(en banc) cert. denied 522 U.S. 1008 (1997) overruled on other grounds by Lindh, 521 U.S. 320.  Further, AEDPA directs that factual findings of the state court be granted a presumption of correctness that can only be rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Jeffries, 114 F.3d at 1499-1500.

**E. EXAMINATION OF ISSUES**

Based on the foregoing statutory structure for granting habeas relief, the Court must review the Montana Supreme Court's decision on Petitioner's claim for relief.

The Montana Supreme Court found that there was no merit to Petitioner's allegation regarding the denial of his parole. Specifically they found, "Griffin is correct that the District Court did not require he complete sexual offender treatment while in prison.  However, there is no order that the parole board cannot require such treatment in prison before granting parole." Griffin v. Mahoney, Montana Supreme Court, No. 04-502, Order dated September 21, 2004.

The Court finds that this decision is not contrary to federal law.  Prisoners have "no constitutional or inherent

right" to parole or a parole hearing. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).  The mere presence of a parole system and the possibility of parole simply do not create a liberty interest in parole release. Board of Pardons v. Allen, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); Greenholtz, 442 U.S. at 11, 99 S.Ct. 2100.

Furthermore, the Montana statutory scheme as it applies to Petitioner does not create a liberty interest in parole eligibility.  Mont. Code. Ann. § 46-23-201, which formerly served as the statutory basis for a liberty interest in parole, was amended in 1989 to make the award of parole permissive and it is the amended statute which applies to Plaintiff.

Since Petitioner has neither a constitutional or inherent right to parole nor a protected liberty interest created by state parole laws, he cannot establish that he is in custody in violation of federal law.

From this record, this Court does not find that the state court's decision was contrary to federal law or involved an unreasonable application of federal law.  Furthermore, this Court cannot say that the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2).

ORDER AND FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

Based on the foregoing, the Court hereby enters the following:

**ORDER**

Petitioner's "Motion to Add MT. Parole Board 'Denial' October, 2005" (Dkt. # 4) is **GRANTED.**

Further, the Courts enters the following:

**RECOMMENDATION**

The petition for writ of habeas corpus should be **DENIED.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of these Findings and Recommendation on Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days of the date of this Order, or objection is waived.

DATED this 6th day of June, 2006.

/s/ Leif B. Erickson
Leif B. Erickson
United States Magistrate Judge