IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| CALVIN Z. GRIFFIN, | ) | CV 05-144-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On June 6, 2006, United States Magistrate Judge Leif B. Erickson filed Findings and Recommendation in this matter. Plaintiff, a pro se prisoner, timely objected. Plaintiff is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

## I.  Background

Griffin was originally convicted of sexual abuse of children for possessing 174 nude photographs of children under the age of 18 and writings about children depicting sexual intercourse. On October 28, 2005, the Montana Board of Pardons and Parole ("the Board") denied Griffin's parole application. The Board signed a

1

standard "Case Disposition" form that informed Griffin:  "After
careful evaluation of all relevant facts known to the Board,
including those under Section 46-23-202(1), MCA, and in
accordance with Sections 46-23-201 through 46-23-218, MCA, the
Board denies your parole application or reapplication at this
time."  By checking available boxes on the form and making brief
remarks, the Board first indicated that it believed there was a
"reasonable probability that [Griffin was] not at present able
and willing to fulfill the obligations of a law-abiding citizen"
due to his institutional conduct, particularly his write-up since
his last parole review.  Second, the Board noted the nature and
severity of Griffin's multiple offenses, concluding that there
was a "reasonable probability that [Griffin could not] be
released at [that] time without being a detriment to [himself] or
the community . . . [and] [r]elease at [that] time would not be
in the best interest of society."  Finally, the Board indicated
its belief that there was "a need for education, job training,
treatment, or continued treatment to enhance success on parole
and further insure that [Griffin was] willing and able to fulfill
the obligations of a law-abiding citizen."  The Board noted the
progress report from Griffin's therapist, but indicated that it
believed Griffin needed sex offender treatment.

     Griffin filed a federal habeas petition challenging the
Board's decision to deny his release.  Judge Erickson
consolidated Griffin's grounds for relief into the single issue
of whether he can be denied parole on the basis that he had not

completed sex offender treatment even though the state trial court had not required sex offender treatment as a part of his sentence.

## II. Analysis

### A.    Standard of Review under 28 U.S.C. § 2254(d)

Having filed a federal habeas petition challenging an administrative decision, Griffin's claims are governed by 28 U.S.C. § 2254(d).  White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004).  He is only entitled to relief under § 2254(d) if the state court decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

### B.    Merits of Petition

Because Griffin is a Montana prisoner sentenced after the amendment of Montana Code Annotated § 46-23-201, he has no liberty interest in parole release.  See Allen, 482 U.S. at 377-78.  Thus, Griffin has no constitutional or inherent right to parole or to a parole hearing.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  The Montana Supreme Court found the same in reviewing Griffin's state habeas petition.  Judge Erickson found that the Montana Supreme Court's decision was not contrary to federal law or an

3

unreasonable application of federal law and that the Court did
not unreasonably determine the facts of Griffin's case.  Based on
his findings, Judge Erickson recommended that Griffin's federal
habeas petition should be denied.

Upon de novo review of the record, I find no error in Judge
Erickson's conclusion that Griffin is not entitled to relief
under § 2254(d).

## C.    Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Judge Erickson's Findings and Recommendation (**dkt #7**) are
adopted in full.

2.    Griffin's petition for writ of habeas corpus (**dkt #1**) is
DENIED.

DATED this 9th day of August, 2006.


DONALD W. MOLLOY, Chief Judge
United States District Court

4